IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | CASE NO. **3:18CR187(3)** |
| Plaintiff, | : | **JUDGE THOMAS M. ROSE** |
| v. | : | |
| **JAVAS MCNAIR**, | : | **SENTENCING MEMORANDUM OF THE UNITED STATES** |
| Defendant. | : | |

_____

The United States by and through the undersigned counsel respectfully submits this Sentencing Memorandum for the Court's consideration.

        Respectfully submitted,

        DAVID M. DEVILLERS
        United States Attorney

        s/Dwight K. Keller
        DWIGHT K. KELLER (0074533)
        Assistant United States Attorney
        Attorney for Plaintiff
        Federal Building
        200 West Second Street, Suite 600
        Dayton, Ohio 45402
        (937) 225-2910
        Fax: (937) 225-2564
        Dwight.Keller @usdoj.gov

**STATEMENT OF FACTS**

Beginning on an exact date unknown, but at least by on or about November 1, 2016 and continuing until on or about November 28, 2018, while in the Southern District of Ohio, the defendant **JAVIS MCNAIR** together with Juwan Chino Dillard, Brian Edmond Grooms and others both known and unknown, knowingly and voluntarily entered into a criminal conspiracy to possess with the intent to distribute at least 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. As part of this conspiracy, the defendant did in-fact knowingly and intentionally possess 40 grams or more of a mixture or substance containing a detectable amount of fentanyl with the intent to distribute it. During the said time period of the conspiracy's existence, it was responsible for the possession, and/or attempted possession with intent to distribute of approximately 20.5 kilograms of fentanyl. Investigators ultimately tied approximately 361.73 grams of fentanyl directly to the defendant. (*See* PSR ¶ 36).

**LAW AND ARGUMENT**

**I.    SENTENCING**

**A.    A Guidelines Sentence is a Presumptively Reasonable Sentence Designed to Achieve the Objectives of 18 U.S.C. § 3553(a).**

The Sentencing Guidelines are deemed merely advisory in federal courts. United States v. Booker, 543 U.S. 220 (2005). See also, United States v. Ibarra-Hernandez, 427 F. 3d 332 (6th Cir. 2005). District courts enjoy enhanced discretion in fashioning appropriate sentences for criminal defendants. United States v. Jackson, 408 F. 3d 301, 304 (6th Cir. 2005). Booker, requires an acknowledgment by the district court of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of any variation from that range. Jackson at 305. Ultimately, Booker requires sentences imposed by the district court to be reasonable. Id. at 304.

In Rita v. United States, 551 U.S. 338 (2007), the Supreme Court held that courts of appeals may apply a presumption of reasonableness in reviewing sentences handed down within the properly calculated Guidelines range. Id. at 347.

### B. Current Sentencing Practice

In imposing sentences post-Booker, district courts are required to consider all the factors listed in 18 U.S.C. § 3553(a). The advisory Guidelines calculation is but one of these factors. The district court is tasked with imposing a sentence *sufficient, but not greater than necessary* to comply with the purposes set forth in 18 U.S.C. § 3553(a). Those same factors are also used by appellate courts in determining whether a sentence is reasonable. Jackson, 408 F. 3d at 304; Booker, 543 U.S. at 261-262. Congress has legislated that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a district court may receive and consider for the purpose of imposing an appropriate sentence. *See* 18 U.S.C. § 3661.

### C. The Sentencing Guideline Range in This Case.

In subject case, the Presentence Investigation Report (PSR) determined the defendant has a criminal history category of III, and a total offense level as 29. PSR ¶¶ 47, 77. As such, the PSR calculated the corresponding Guideline imprisonment range to be 108 to 135 months.

On June 2, 2020, the Defense filed a sentencing memorandum (Doc. #99) which objects to: (a) imputing 345.47 grams of fentanyl to the defendant under the relevant conduct provision of U.S.S.G. § 1B1.3(a)(1)(A) and (B), (a)(2) and (a)(3); (b) awarding a 2-point enhancement for maintaining a drug premise at 851 Huron Ave., Dayton, OH pursuant to U.S.S.G. § 2D1.1(b)(12); and (c) awarding a 2-point enhancement for possession of a dangerous weapon, to wit: a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). The Defense further argues that a 2-level decrease is warranted based upon the defendant's purported minor role played in the conspiracy pursuant to U.S.S.G. § 3B1.2 (b).

The Government specifically disagrees with the Defense's noted objections with respect to: (a) imputing 345.47 grams of fentanyl to this defendant and (b) a 2-level downward adjustment for being a "minor participant".  The Government does not contest the Defense's objections as to 2-point enhancements for maintaining a drug premise, and possession of a firearm.

As such, the Government asserts the appropriate total offense level should be 25 coupled with a criminal history category of III.  This would generate an advisory Guideline imprisonment range of 70-87 months.

A conspirator may join a conspiracy already in progress and be held responsible for actions done in furtherance of the conspiracy before he joined.  United States v. Collins, 799 F.3d 554, 579 (6th Cir. 2015).  "A district court's determination of the quantity of drugs used to compute a defendant's sentence is a finding of fact that should be upheld unless clearly erroneous." United States v. Russell, 595 F.3d 633, 646 (6th Cir. 2010).  "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." See U.S.S.G. Manual § 2D1.1, cmt. n.5; Russell, 595 F.3d at 646.  When so approximating, "the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, [and] similar transactions in controlled substances by the defendant." See U.S.S.G. Manual § 2D1.1, cmt. n.5.   The government need only prove by a mere preponderance of the evidence both the amount of money attributable to drug activity and the conversion ratio-i.e., the price per unit drugs.  Russell, 595 F.3d at 646.

## II. ANALYSIS OF THE SENTENCING FACTORS

**A. 18 U.S.C. § 3553(a) (1):  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

**1. Nature and Circumstances of Offense.**

As part of his guilty plea, the defendant has readily admitted to his participation in this drug trafficking conspiracy.  (Doc. #89).  Fentanyl is clearly one of the most dangerous illicit

controlled substances currently confronting our nation. The DEA in an October 2019 *Fentanyl Signature Profiling Program Report* postulated that a lethal dose of fentanyl is approximately 2 milligrams. (See Attachment "A", p. 2). Assuming this to be accurate, 361.73 grams of fentanyl represents a potential total of approximately 180,865 fatal doses. Based upon the nature and quantity of fentanyl that this conspiracy was involved in possessing with the intent to distribute, there can be no question as to the extremely serious nature of this offense. As such, severe punishment is warranted.

  **2. History and Characteristics of the Defendant.**

The defendant was born on September 6, 1978. He reports to have only completed the 11th grade at Colonel White High School in Dayton. PSR ¶ 101. He recently has been employed by Energizer Products in Vandalia, Ohio. PSR ¶ 102. While never marrying, he claims to have fathered of seven children. PSR ¶ 95.

  **3. Defendant's Criminal History**

The defendant has a criminal history category of III. Convictions include possession of cocaine. Marijuana, criminal trespass, domestic violence and multiple motor vehicle related offenses. PSR ¶¶ 54-75.

**B. 18 U.S.C. § 3553(a) (2): The need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.**

Under this section, district courts are required to impose a sentence that affords adequate deterrence, both specific and general. *See* United States v. Camiscione, 592 F.3d 823, 834 (6th Cir. 2010). "Consideration of general deterrence is particularly important where the district court varies substantially from Guidelines. *See, e.g.* United States v. Aleo, 681 F.3d 290, 300 (6th Cir. 2012) (explaining that the greater the variance, the more compelling the justification based upon

§ 3553(a) factors must be). This is even truer here given that the particular crime of which the defendant was convicted is especially susceptible to general deterrence and the fact that there is a general policy favoring incarceration for these crimes. Where a district court views a particular crime's seriousness appears at odds with that of Congress and the Sentencing Commission, it is required to explain how its sentence affords adequate general deterrence. United States v. Musgrave, 2014 FED App. 0168P at **8 (6th Cir. July 31, 2014); Camiscione, 591 F.3d at 834.

C. **18 U.S.C. § 3553(a)(3)and (4): Kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines**.

The district court is required to consider the sentencing range established by the Guidelines. Although advisory, the Guidelines remain "the starting point and initial benchmark" in determining whether a particular sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing. Gall v. United States, 552 U.S. 38 at 49 (2007); United States v. Bistline, (Bistline II), 720 F.3d 631, 633 (6th Cir. 2013). In subject case, the Probation Officer notes an advisory Guidelines sentence of between 108 - 135 month is appropriate. PSR ¶106**.**

D. **18 U.S.C. § 3553(a) (5) Any pertinent policy statement issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress.**

None.

E. **18 U.S.C. § 3553(a) (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**.

18 U.S.C. § 3553(a) (6) lists as one of the factors the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The Sixth Circuit in United States v. Simmons, 501 F.3d 620, 623 (6th Cir. 2007) explained that 18 U.S.C. 3553(a)(6) is a requirement of the need to avoid unwarranted sentencing disparities concerns *nation-wide* disparities, not as between co-defendants. The Court went on to describe the Guideline range as "good evidence of the national standard." Id. On July 10, 2020 this Court

6

sentenced co-defendant Brian Edmond Grooms to a 72-month sentence. While the defendant's criminal history is worse than that Grooms, their respective criminal culpability in subject case is similar.

## CONCLUSION

The United States respectfully asks that this Court impose a Guideline sentence based upon a net offense level of 25/CHC III. Imposition of a Guideline sentence in this case is deemed "sufficient, but not greater than necessary" to reflect the seriousness of the offense committed, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and avoid disparity in sentencing. As such, this is the sentence the United States respectfully recommends this Honorable Court impose upon the defendant in this case.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 11th day of August, 2020, electronically on: Tamara Sack, Attorney for Defendant.

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney